IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
NOV 22 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Case No. 1:19-MJ-498<br>ALAN TABISH, )<br>)<br>*Defendant*. )<br>) | |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT <u>AND ARREST WARRANT</u>

I, Blake Allbritton, being duly sworn, depose and state as follows:

1. I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") and a Detective with the Fairfax County Police Department and have been so employed since February 2007. I am currently assigned as a TFO to the Washington Field Office's Child Exploitation and Human Trafficking Task Force, and am part of the Northern Virginia–Washington, D.C. Internet Crimes Against Children Task Force. I have investigated violations of local and federal law involving human trafficking, child exploitation, and child pornography offenses.

2. As a TFO with the FBI, I have basic and on-the-job training in the investigative area of child exploitation and child pornography. I have participated numerous in federal and multi-jurisdictional investigations. I also am authorized to execute warrants issued under the authority of the United States and I have participated in numerous search warrants, many of which involved child exploitation and/or child pornography related offenses.

3. As a TFO, I am authorized to investigate violations of the laws of the United States. Since 2013, I have investigated criminal violations relating to child exploitation and child pornography incidents, including violations pertaining to the illegal production, distribution, receipt, advertisement, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.

4. This Affidavit is submitted in support of a criminal complaint and arrest warrant charging ALAN TABISH (hereinafter "TABISH") of Vienna, Virginia, with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). For the reasons set forth below, I submit that probable cause exists to believe that on or about September 17, 2005, TABISH used, employed, persuaded, induced, enticed, and coerced a minor in Fairfax, Virginia, which is within the Eastern District of Virginia, to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

5. The statements contained in this Affidavit are based on, among other things, my experience and background as a TFO working in the area of child exploitation and child pornography, information provided by other law enforcement agents, witnesses, and other individuals, and my review of reports and records. I have not set forth every fact resulting from the investigation; rather, I have set forth a summary of the investigation to date to establish probable cause for the requested criminal complaint and arrest warrant.

## STATUTORY AUTHORITY AND DEFINITIONS

6. Title 18, U.S. Code, Section 2251(a) prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct

for the purpose of producing any visual depiction of such conduct if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed. Title 18, U.S. Code, Section 2251(e) prohibits any person from attempting or conspiring to violate Section 2251(a).

7. The term "minor," as defined in 18 U.S.C. § 2256(1), means any person under the age of 18 years.

8. The term "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2)(A)(i)–(v), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

9. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image.

10. For purposes of this Affidavit, the term "child pornography" refers to visual depictions of a minor engaged in sexually explicit conduct.

**SUMMARY OF PROBABLE CAUSE**

11. In 2019, a joint investigation initiated by the Fairfax County Police Department and the FBI revealed that TABISH engaged in sexual conduct with a 15-year-old minor (hereinafter "MINOR VICTIM") and produced a visual recording of that conduct in 2005 when he was 22

years old and living in Fairfax, Virginia.

### *Identification of TABISH*

12.     Specifically, in June 2019, the MINOR VICTIM, now an adult, contacted the FBI and reported that TABISH engaged in sexual activity with her when she was 15 years old. Following this disclosure, the MINOR VICTIM provided law enforcement with the following information she recalled from TABISH's interactions with her:

a.      In the summer of 2005, when she was 15 years old, the MINOR VICTIM began communicating online via AOL Instant Messenger ("AIM") with an adult male who told her that he was in his twenties. The MINOR VICTIM reported that the adult's username on AIM was either "Crazytab" or "Crzytab," and that they first met in an AIM chat room but later began exchanging private, one-on-one messages.

b.      During the course of these online communications, the MINOR VICTIM identified herself as being 15 years old and learned that the adult's name was ALAN TABISH. The MINOR VICTIM and TABISH continued to communicate online for approximately two weeks, during which time they discussed sexually explicit topics and exchanged images of themselves.

c.      After approximately two weeks, TABISH and the MINOR VICTIM arranged to meet in person. The MINOR VICTIM disclosed that TABISH picked the MINOR VICTIM up from near her parent's house in Woodbridge, Virginia one evening and drove her to a townhouse located in or around Fairfax, Virginia.

d.      The MINOR VICTIM described the townhouse as being in a row of townhouses with stairs leading up to the front doors and parking spots in front of the buildings.

e. At the townhouse, TABISH provided the MINOR VICTIM with alcohol and took her to a recreational room in the basement of the home. The MINOR VICTIM disclosed that there was a pool table in or near the room, and that TABISH put on what appeared to be an adult pornographic movie for them to watch.

f. The MINOR VICTIM's next memory from this encounter is waking up naked and intoxicated on the floor of the basement room with TABISH, who was also nude, engaging in vaginal intercourse with her.

g. The MINOR VICTIM recalled that during this encounter TABISH got up and walked to a bookshelf or cabinet, where TABISH had a digital camera positioned to record himself engaging in sexual conduct with the MINOR VICTIM.

h. The MINOR VICTIM also recalled going to TABISH's bedroom in the townhouse, where TABISH showed her a still image on his computer of himself engaging in sexual activity with what appeared to be an adult woman.

13. The MINOR VICTIM provided law enforcement with TABISH's name, approximate age, and information regarding his Facebook page. Using this information, law enforcement queried a database associated with the Virginia Department of Motor Vehicle ("DMV") and discovered an image of an adult male named ALAN TABISH, born 1983. Law enforcement showed the DMV image of TABISH to the MINOR VICTIM, who identified him as the adult male who recorded himself engaging in sexual conduct with her in 2005 when she was 15 years old.

14. Law enforcement also determined that from about 2003 to about 2006, TABISH lived at a townhouse in Fairfax, Virginia. Law enforcement showed the MINOR VICTIM an image of this townhouse, and she reported that it appeared to be similar to the townhouse where

she recalled TABISH took her in 2005.

15. A search of a law enforcement database also revealed that the email address crazytab@yahoo.com was associated with TABISH.

### *Search of TABISH's Residence in September 2019*

16. Subsequent investigation revealed that, in September 2019, TABISH lived with his wife in a townhouse in Vienna, Virginia. This residence is not the same townhouse in Fairfax, Virginia described above.

17. On September 5, 2019, law enforcement officers with the Fairfax County Police Department and the FBI executed a warrant to search TABISH's residence in Vienna, Virginia, for evidence related to the production of child pornography. During this search, law enforcement located a Maxtor Hard Drive in a desk drawer in a room in TABISH's residence and seized the device pursuant to the warrant.

### *Forensic Examination of TABISH's Maxtor Hard Drive*

18. Following the search, law enforcement conducted a forensic examination of the Maxtor Hard Drive seized from TABISH's residence. The forensic examination uncovered nine images and two videos depicting TABISH engaged in sexual conduct, including oral and vaginal sex, with what appears to be a minor female. Based on images provided by the MINOR VICTIM that depict her when she was 14 and 15 years old, law enforcement determined that the girl depicted in the images and videos discovered on TABISH's Maxtor Hard Drive is the MINOR VICTIM.

19. According to metadata retrieved during the course of the forensic examination, these images and videos were created within an approximately two-hour timeframe on or about September 17, 2005. The files include:

    a. An approximately 10-minute-and-23-second video titled

"DSCN0215.MOV" that depicts the MINOR VICTIM nude and laying on the ground next to a pool table in what appears to be a basement room. At the beginning of the video, TABISH can be seen positioning the recording device on an elevated platform and then approaches the MINOR VICTIM on the floor, where he engages in vaginal and oral sex with her; and

  b. An approximately one-minute-and-13-second video titled "DSCN0216.MOV" that depicts the MINOR VICIM sitting on the floor and engaged in oral sex with an adult male who appears to be holding the recording device. The MINOR VICTIM appears to be next to a pool table in the same basement room described above.

20. According to an inscription on the Maxtor Hard Drive seized from TABISH's residence, the device was manufactured outside the Commonwealth of Virginia.

//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

21. Based on the aforementioned information, I respectfully submit that there is probable cause to believe that on or about September 17, 2005, ALAN TABISH knowingly produced child pornography in the Eastern District of Virginia, in violation of 18 U.S.C. § 2251(a) and (e).

Therefore, I respectfully request that a criminal complaint and arrest warrant be issued for ALAN TABISH.

Respectfully submitted,

_____
Blake Allbritton, Task Force Officer
Federal Bureau of Investigation

Sworn and subscribed before me
this __22__ day of November 2019

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
_____
The Honorable Michael S. Nachmanoff
United States Magistrate Judge